## PILCHER and RAYBURN *v.* JAMES D. KERR et al.

In an action by the endorser, against the maker of a promissory note, who, at the time of its execution, was a married woman, the declarations of the payee, whilst he was the owner

thereof, are admissible to prove that it had been given to him for a debt due by the husband of the maker. *Held :* It is the settled jurisprudence of this court, that the *onus* of proving that the consideration of a note, made by a married woman, enured to her benefit, is upon the plaintiff.

Where the maker of a note signed as a married woman, and her husband only joined for the purpose of authorizing her, it is sufficient to give the transferree of the note notice of her condition; and before he takes the note, it is incumbent upon him to ascertain that her proper estate could be charged with it.

PILCHER
*v.*
KERR.

APPEAL from the District Court of Carroll, *Copley,* J. *Selby,* for plaintiffs. *H. Snyder, Short* and *Parham,* for defendant. By the court:

ROST, J. The defendant is sued upon a promissory note made by her, whilst she was the wife of *Felix Bothworth,* to the order of *James D. Kerr,* by whom it was transferred to the plaintiffs before maturity.

The defence is, that the note was given for a debt of *Felix Bothworth,* for which she could not bind herself, and that no part of the consideration of it enured to her benefit. There was judgment in her favor, and the plaintiffs appealed.

We are of opinion, that the district judge properly admitted the testimony of *John L. Wilson,* to prove the declarations of *James D. Kerr,* while he was the owner of the note; that it had been given to him for a debt of *Bothworth.* It is unnecessary to determine whether this evidence makes full proof of the fact, as under the settled jurisprudence of this court, the *onus* of proving that the consideration of the note enured to the benefit of the defendant, was upon the plaintiffs.

The defendant had signed as a married woman, and her husband had only joined for the purpose of authorizing her. This gave the plaintiffs notice of her condition ; and before they took the note, it was incumbent upon them to ascertain that her proper estate could be charged with it. *Brandagee* v. *Kerr and wife,* 7 N. S. 64. *Sprigg* v. *Bossier and wife,* 5 N. S. 56. *Firemens' Insurance Company* v. *Julien Cross,* 4 R. R. 508. *Draugeut* v. *Prudhome,* 3 L. R. 74. *Pascal* v. *Souvinet,* 1st Ann. 428. *Taylor* v. *Carlisle,* 2d Ann. 579. *Perry* v. *Thompson,* 3d Ann. 188. *Erwin* v. *McCalop,* 5th Ann. 173. *Gaalon* v. *Matherne,* 5th Ann. 495. *Patterson & Co.* v. *Fraser and wife,* 5th Ann. 586.

Judgment affirmed, with costs.

Application for re-hearing refused.